IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

KANAL V. GASTON

     Plaintiff,

                              3:12-cv-00023-PK

                              FINDINGS AND
v.                              RECOMMENDATION

HARRIS COUNTY, et. al.

     Defendants.

PAPAK, Magistrate Judge:

     Plaintiff *pro se* Kanal V. Gaston filed this action against approximately fifty (50) different

defendants, including private individuals, American corporations such as Google, Inc., Lexis-

Nexis Group, and Allstate Corporation, foreign corporations such as Qatar Gas Operating

Company LTD, municipalities such as Harris County and Travis County (both in Texas) and

New York City, state agencies in Texas and New Jersey, the United States, and a number of

federal agencies and officials, including the US Department of Treasury, Federal Bureau of

Investigation, and the Central Intelligence Agency, among others. (#2.) Gaston alleges eight

claims involving numerous different causes of action, such as defamation, employment

discrimination, harassment, "sabatoge," false imprisonment, "coercion," "bribery," "attempted

Page 1 - FINDINGS AND RECOMMENDATION

murder," "censorship," "burglary," "theft," "invasion of privacy," and violations the United States Constitution including the Fourth Amendment, and the Due Process and Equal Protection clauses. *Id.*  Gaston prays for damages and for "an immediate Restraining Order" to keep defendants away from his home, car, work, family, and friends. (#2, at ¶61.) Gaston renewed his request for injunctive relief in a recently filed motion. (#5.)

Plaintiff's complaint describes his allegedly discriminatory 2007 firing from a position as a fraud examiner at the Harris County (Texas) District Attorney's Office, followed by defendants' coordinated efforts to defame Gaston through internet articles, stalk and harass him in the community, unlawfully monitor and invade his home and car, hack into his computer, steal his mail, and attempt to murder him.  These activities led Gaston in September 2011 to flee Texas and travel around the country in his car seeking safety.  Defendants allegedly pursued him into Arizona, California, and finally Oregon, where they "tried to pay off a street thug to harass [Gaston] or hurt him." (#2, ¶46.)  Gaston asserts that he now resides in Phoenix, Arizona.  (#2, ¶3.)  None of the defendants are alleged to reside or be located in Oregon.

Gaston asserts that this court has federal question and diversity subject matter jurisdiction, and that venue is proper in this district.  He does not, however, describe a basis for this court's personal jurisdiction over the many defendants.  Gaston also seeks to proceed *in forma pauperis*. (#1.)  For the reasons discussed below, Gaston's *in forma pauperis* application is granted, but the court should dismiss *sua sponte* Gaston's complaint without prejudice and permit him to amend his complaint or refile in a district where venue is proper.

## ANALYSIS

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.

12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)

("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). A case is

properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or

constitutional power to adjudicate the case. *See, e.g., Home Builders Ass'n v. City of Madison*,

143 F.3d 1006, 1010 (5th Cir. 1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d

1182, 1187 (2d Cir. 1996). Moreover, in connection with *in forma pauperis* actions such as this,

the district courts are obliged to dismiss *sua sponte* both actions that are frivolous or malicious,

or actions that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

Here, there are several defects in Gaston's complaint that require *sua sponte* dismissal.

As a preliminary matter, Gaston's complaint improperly alleges this court's diversity jurisdiction.

Federal diversity jurisdiction requires that all parties to an action be "citizens of different states"

or aliens. 28 U.S.C. § 1332(a). Neither the United States, federal agencies, nor federal officers

sued in their official capacity qualify as "citizens of different states." *See Sharr v. Department of

Transp.*, 247 F.Supp.2d 1208, 1214 (D. Or. 2003); *Ajay Nutrition Foods, Inc. v. Food & Drug

Administration*, 378 F.Supp. 210, 215 (D. N.J. 1974). Subject matter jurisdiction over this action

exists, if at all, by virtue of Gaston's claims against the federal government, claims under the

United States Constitution, and claims implicating other federal statutes, such as employment

discrimination actionable under Title VII.

Additionally, it is unlikely that personal jurisdiction exists over most, if not all, of the

defendants. *See Urziceanu v. Nevada*, 2011 WL 5870556, at *1 (D. Mont. Nov. 22, 2011)

(denying motion for IFP and dismissing complaint under § 1915(e) because personal jurisdiction

was lacking).  A plaintiff must establish that personal jurisdiction is proper under both Oregon's

long arm statute and constitutional due process requirements. *Lake v. Lake*, 817 F.2d 1416, 1420

(9th Cir. 1987).  Aside from the major corporations such as Google, Lexis Nexis, Wells Fargo,

Allstate, and T-Mobile, there is little indication that the other defendants directed their activities

to Oregon.  Thus, under the constitutional test, Gaston is unlikely to be able to show that many of

the defendants either had "continuous and systematic" or "substantial" contacts with Oregon to

establish general jurisdiction or to satisfy the three-part test for specific jurisdiction. *See Lake*,

817 F.2d at 1420 (General jurisdiction exists when a defendant has "continuous and systematic"

or "substantial" contacts with the forum state); *Roth v. Garcia Marquez*, 942 F.2d 617, 620–21

(9th Cir. 1991) (the three-part test for specific jurisdiction requires that: "(1) the nonresident

defendant must have purposefully availed himself of the privilege of conducting activities in the

forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the

defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable.")

    More importantly, Gaston's complaint fails to show that venue is proper in Oregon.  I can

easily overlook the fact that plaintiff is confused about the statute which governs venue– he states

that this court enjoys venue under 28 U.S.C. § 1331, the federal question jurisdiction provision.

Nevertheless, Gaston's allegations do not appear to satisfy the venue requirements either for an

action based on federal question jurisdiction or for an action against an officer or agency of the

United States, the two most obvious bases for federal subject matter jurisdiction.  28 U.S.C. §

1391(b) provides that a civil law suit based on federal question jurisdiction may be brought only

in:

    (1) a judicial district where any defendant resides, if all defendants reside in the same

Page 4 - FINDINGS AND RECOMMENDATION

state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S .C. § 1391(b).

Here, Gaston does not allege that any defendants reside in Oregon or may be "found" in Oregon, eliminating the first and third bases for venue. Moreover, Gaston's complaint fails the second basis because the events allegedly occurring within Oregon were not a substantial part of events giving rise to Gaston's claims. Under § 1391, "the substantiality of the operative events is determined by assessment of their ramifications for efficient conduct of the suit." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001). In determining the issue of substantiality, the Court looks to "the entire sequence of events underlying the claim[s], and focus on the defendants' (rather than the plaintiff's) actions." *Lee v. Corr. Corp. of Am.*, 525 F.Supp.2d 1238, 1241 (D. Haw. 2007). "[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). The plaintiff bears the burden of showing that venue in this district is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). The only part of the events detailed in Gaston's 27-page complaint is defendants' pursuit of Gaston into Oregon and apparently unsuccessful attempt to pay someone to harass him. Compared with the numerous other alleged severe violations arising from events in Texas and Arizona spanning a number of years, this single allegation concerning Oregon is wholly insignificant to establish venue in this district.

The analysis under § 1391(e) is somewhat different, but leads to the same result. Venue is proper in a civil action against the United States or an officer, employee, or agency of the United States where:

> (1) a defendant in the action resides,
> (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. § 1391(e). The first two bases are inapplicable, as described above. The third basis is similarly inappropriate, since plaintiff alleges he resides in Arizona, not Oregon. Thus, Gaston's complaint as currently plead does not properly allege venue in this district.

Moreover, Gaston's complaint violates Federal Rule of Civil Procedure 8 because it largely ascribes misconduct collectively to all named defendants without distinguishing which particular allegations apply to which defendants. *See Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020 (N.D. Cal. 2006); *Gauvin v. Trombatore, 682 F.Supp. 1067, 1071* (N.D.Cal. 1988) (where allegations are made against multiple defendants, "plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them"). In the initial portion of his complaint, Gaston separately describes misconduct committed by each group of defendants, suggesting that not all defendants are implicated in each cause of action. Nevertheless, in the section of his complaint asserting claims for relief, Gaston ambiguously refers throughout to "these Defendants," suggesting each claim applies to all named defendants.

Page 6 - FINDINGS AND RECOMMENDATION

There are numerous other substantive defects in Gaston's complaint that I do not explore fully here. For instance, when pleading civil rights claims against municipalities, Gaston is required to allege a constitutional deprivation that was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). Moreover, Gaston must bring his constitutional claims against federal defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which recognizes an implied cause of action for money damages under the Fourth Amendment for an injury caused by a federal agent acting under color of federal authority. For such claims, Gaston must sue the individuals who personally violated his constitutional rights, not federal department heads. *See Ashcroft v. Iqbal*, 556 U.S 662, 129 S.Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Pelegrino v. United States*, 73 F.3d 934, 936 (9th Cir. 1996) (since *Bivens* liability is premised on direct personal responsibility, there is no vicarious liability).

For the foregoing reasons, plaintiff's complaint should be dismissed *without prejudice* and he should be given 30 days to file an amended complaint curing the defects described herein or refile this action in a district in which venue is proper. If plaintiff fails to file such an amended complaint, the case should be dismissed *with prejudice*.

Because plaintiff's complaint should be dismissed, his pending motion for injunctive relief (#5) should be denied as moot.

//

Page 7 - FINDINGS AND RECOMMENDATION

## CONCLUSION

Upon examination of plaintiff's application to proceed *in forma pauperis*, the court finds that he is unable to afford the costs of this action. Therefore, his application (#1) is granted and his *in forma pauperis* status is confirmed. Moreover, for the reasons set forth above, plaintiff's complaint (#2) should be dismissed without prejudice. If plaintiff wishes to proceed with this action, he should file an amended complaint alleging a proper basis for venue in this district or refile in a district where venue is proper. Plaintiff's pending motion for "protective/restraining order" (#5) should also be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

//

//

//

//

//

//

//

Page 8 - FINDINGS AND RECOMMENDATION

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 23rd day of January, 2012.

Honorable Paul Papak
United States Magistrate Judge

Page 9 - FINDINGS AND RECOMMENDATION